IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ERIC CHARLES BARGIE                                                                           PLAINTIFF
ADC #120956

V.                                       NO. 5:05CV00317 SWW/JWC

LARRY NORRIS, et al                                                                        DEFENDANTS

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**Instructions**

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of these findings and recommendations. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR  72201-3325

## Recommended Disposition

On November 16, 2005, Plaintiff, a pro se inmate currently confined to the Varner Super Max Unit of the Arkansas Department of Correction, filed this 42 U.S.C. § 1983 civil rights action (docket entry #1) along with a separate application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (docket entry #2).  Plaintiff submitted the proper financial information in compliance with § 1915(a)'s requirements; accordingly, in forma pauperis status was granted (docket entry #3).

### I.  Background

According to Plaintiff's complaint, on March 17, 2004, Defendant Jordan "wrote him up" based on his alleged assault and battery of another inmate.  Defendant Crumpton interviewed Plaintiff regarding the incident, and when Plaintiff refused to admit to the allegations, he was issued a disciplinary.  Plaintiff challenges the issuance of that disciplinary (which he claims was based on another inmate's written statement) on the grounds that there was no officer witness and therefore no firsthand knowledge of the facts.  Plaintiff was taken to isolation where he was placed on behavior control.  All of his

property, including his clothing, was placed in another room before it was returned to him several days later. Defendant McKinney served Plaintiff's disciplinary and read it to him. Plaintiff contends that Defendant Jordan's statement in the disciplinary did not match the rule violations that he had been charged with. Plaintiff further contends that several untimely extensions then followed in connection with processing the disciplinary. Plaintiff was taken to disciplinary court on April 9, 2004, and was found guilty of Rule violations 04-1 (battery, use of physical force on the person of another) and 05-3 (assault, any willful attempt to inflict injury upon the person of another). Last, Plaintiff contends that his disciplinary appeals were not responded to within the appropriate time frame. As relief, Plaintiff requests that the disciplinary be expunged from his record, the restoration of all good-time credit lost in connection with the disciplinary, the restoration of class, and for compensatory, nominal, and punitive damages.

After granting Plaintiff in forma pauperis status (docket entry #3), he was notified that should his case be subsequently dismissed on the grounds that it is: 1) frivolous or malicious; 2) fails to state a claim upon which relief may be granted; or 3) seeks monetary relief against a defendant who is immune from such relief, there would be no provision for a refund of any portion of his filing fee. Id. § 1915A.

## II. Standard

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity. Id. § 1915A(a). A federal court must dismiss a prisoner's complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from

such relief. Id. § 1915A(b). Moreover, this Court may sua sponte dismiss a complaint filed in forma pauperis at any time if it determines that the action fails to state a claim upon which relief can be granted. Id. § 1915(e)(2)(B)(ii), § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1).

Dismissal for failure to state a claim is proper only if, accepting each allegation as true, it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)); Murphy v. Lancaster, 960 F.2d 746, 748 (8th Cir. 1992). In addition, pro se complaints must be liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers." Haines, 404 U.S. at 520-21.

### III.  Analysis

In Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court delineated what constitutes a habeas action as opposed to a § 1983 claim. The essence of habeas corpus is an attack by a person in custody upon the legality of that custody. Id. at 484. The label a prisoner gives to his suit is not controlling. Id. at 489-90. Therefore, if Plaintiff is in effect challenging the length of his incarceration, then his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254, rather than a civil rights complaint pursuant to § 1983. Id. at 499. State prisoners are required to exhaust their available state court remedies before bringing federal habeas corpus claims. 28 U.S.C. § 2254(b) & (c). A claim is considered exhausted "when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993).

The essence of Plaintiff's complaint is an attack on the validity of the disciplinary he received, i.e., that his class and good time were wrongfully revoked based on another inmate's written statement rather than an officer witness with firsthand knowledge of the facts. He further makes claims of procedural violations in connection with his disciplinary proceedings. The fact that he has labeled this a § 1983 action is not controlling. The type of claim Plaintiff has raised, if proven, would necessarily invalidate the disciplinary result and would affect the term of his sentence; therefore, to the extent Plaintiff challenges the specific length of his incarceration, his claims are not cognizable here. Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (court must look to substance of relief sought to determine if action is § 1983 suit or habeas corpus action; prisoner's labeling of suit is not controlling); Wilson v. Lockhart, 949 F.2d 1051, 1051-52 (8th Cir. 1991) (challenge which would result, if successful, only in earlier eligibility for parole and not necessarily earlier release, should nonetheless be brought as habeas petition). Furthermore, the Court should decline to consider this case on the merits as a § 2254 habeas petition because it is apparent from the face of the complaint that Plaintiff has not claimed--much less proven--that he has exhausted his available state court remedies; therefore, dismissal without prejudice is appropriate. 28 U.S.C. § 2254(b)(1)(A) (court shall not grant writ of habeas corpus unless applicant has exhausted remedies available in state court system); Carmichael v. White, 163 F.3d 1044, 1045 (8th Cir. 1998) (§ 2254 petitioner has burden to show all available state remedies have been exhausted or that exceptional circumstances exist).

Moreover, the fact that Plaintiff also seeks damages from Defendants will not save his case. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that if a

judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged, or called into question by issuance of a federal writ of habeas corpus. Although Heck involved a criminal conviction, the Supreme Court extended its holding, in Edwards v. Balisok, 520 U.S. 641 (1997), to prison disciplinary decisions which deprive a prisoner of good-time credits. Edwards held that a prisoner's claim for declaratory relief and money damages, based on procedural violations in prison disciplinary proceedings that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983. Id. at 648. A § 1983 claim does not arise until a state or federal court has invalidated the disciplinary result. Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996). In determining the applicability of Heck to § 1983 claims concerning disciplinary hearings, courts should "disregard the form of the relief sought and instead look to the essence of the plaintiff's claims." Id.

To reiterate, Plaintiff's allegations, if proven, would necessarily imply the invalidity of the disciplinary result and would affect the term of his sentence. Absent any allegation that Plaintiff has successfully challenged the disciplinary decision through appropriate state or federal procedures, his § 1983 claim is not cognizable. For these reasons, Plaintiff's claims should be dismissed without prejudice to refiling at such time as a successful challenge has occurred. Plaintiff should be advised, however, that he cannot bring a federal habeas action challenging his disciplinary conviction until he has exhausted his state remedies, as explained above. Sheldon, 83 F.3d at 234; Armento-Bey v. Harper, 68 F.3d 215, 216 (8th Cir. 1995) (Bowman, J., dissenting).

### IV. Conclusion

This case should be DISMISSED WITHOUT PREJUDICE for FAILURE TO STATE A CLAIM and all pending motions should be DENIED AS MOOT. Plaintiff is in effect challenging the length of his incarceration; therefore, his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254, rather than a civil rights complaint pursuant to § 1983.

The Court should CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), THAT AN IN FORMA PAUPERIS APPEAL from any order adopting this recommendation, and any judgment entered thereunder, WOULD NOT BE TAKEN IN GOOD FAITH.

Pursuant to Armentrout v. Tyra, 175 F.3d 1023 (8th Cir. 1999) (unpub. table op.), an action dismissed without prejudice under Heck, should count as a "STRIKE" pursuant to 28 U.S.C. § 1915(g).[1]

DATED this 15th day of December, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the in forma pauperis statutes] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.