IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ERIC CHARLES BARGIE                                                                    PLAINTIFF
ADC #120956

V.                              NO. 5:05CV00317 SWW

LARRY NORRIS, et al                                                                   DEFENDANTS

ORDER

The Court has reviewed the Proposed Findings and Recommended Disposition received from Magistrate Judge Jerry Cavaneau and the objections filed in response, and has further reviewed the relevant record de novo. The Findings and Recommendations are adopted in their entirety as this Court's findings.

Plaintiff objects, among other things, on grounds that his complaint is not a habeas petition and that he is not challenging the length of his incarceration "[f]or the simple fact even if I was to prevail in this case and the relief I asked the Court for was granted to me, it would have no effect whatsoever on the length of my incarceration because I am doing life without the possibility of parole ..." The fact remains, however, that plaintiff seeks by way of relief that the disciplinary be expunged from his record and that all of the good-time credit lost in connection with the disciplinary be restored. Invalidation of plaintiff's disciplinary, then, would necessarily imply the invalidity of the deprivation of plaintiff's good-time credits, thus precluding this 42 U.S.C. § 1983 action. *See Wilkinson v. Dotson*, 125 S.Ct. 1242, 1248 (2005) ("a state prisoner's § 1983 action is barred (absent prior

invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration") (emphasis in original). *Cf. Muhammad v. Close*, 540 U.S. 749, 751 (2004) (per curiam) (prisoner not required to resort to state litigation and federal habeas corpus before asserting a § 1983 claim when the "prisoner's challenge ... threatens no consequence for his conviction or the duration of his sentence"). Although plaintiff may be serving life without parole, the Eighth Circuit held in *Blair-Bey v. Nix*, 919 F.2d 1338, 1339 (8th Cir. 1990) (per curiam), *cert. denied*, 502 U.S. 899 (1991), that a prisoner serving a sentence of life without parole could, nevertheless, challenge the loss of good-time in a habeas petition as the possibility that a sentence could be commuted to a term of years by executive clemency "is enough" so that a federal court should not deprive a state court system of the first opportunity to address the merits of the underlying constitutional issue. Thus, plaintiff's serving life without parole does not alter the conclusion that invalidation of his disciplinary and restoration of his good-time credits, as he requests, would threaten a consequence for the duration of his sentence, thereby precluding this § 1983 action. *See Wilkinson*, 125 S.Ct. at 1245 ("a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement'").

Accordingly, this case is hereby dismissed without prejudice and all pending motions are denied as moot.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from this order adopting the recommendations, and any judgment entered

hereunder, would not be taken in good faith.  Further, this dismissal counts as a "strike" pursuant to 28 U.S.C. § 1915(g).

      IT IS SO ORDERED this 6th day of January 2006.

                                        <u>/s/Susan Webber Wright</u>

                                        UNITED STATES DISTRICT JUDGE